UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND COCHRAN

       Plaintiff,

                                                          Case number 11-11945
v.                                                    Honorable Julian Abele Cook, Jr.

WAYNE COUNTY EMPLOYEES RETIREMENT
SYSTEMS

       Defendants.

ORDER

This lawsuit was initiated on May 3, 2011, by the Plaintiff, Raymond Cochran. He has accused the Defendant, Wayne County Employees Retirement Systems, ("WCERS") of, *inter alia,* (1) violating the Racketeer Influenced and Corrupt Organization Act, (2) breaching its fiduciary duties to him, (3) committing wire and mail fraud acts, and (4) making fraudulent misrepresentations.

Now pending before the Court is the Defendant's motion for the entry of a summary judgment, as authorized by to the Federal Rules of Civil Procedure.

I.

Cochran was hired by the WCERS in May of 1978, and shortly thereafter, enrolled in its pension plan. He chose to authorize the pension plan representatives to withhold payroll deductions from his salary to cover his period of military service. In July 1990, he left his job with the WCERS and received cash in exchange for a release of all present and future claims by him against his employer, excepting therefrom a subsequent binding determination by an arbitrator of his financial

benefits and status in two retirement plans.

In *Cochran v. Ernst and Young*, 758 F. Supp. 1548 (E.D.Mich. 1991), the court, in addressing all of Cochran's claims, granted the defendants' motion for the entry of a summary judgment after concluding that his claims were barred by the terms of his settlement agreement with the WCERS. In April of 1992, an arbitrator concluded that Cochran (1) upon reaching the age of sixty, was entitled to receive a vested pension under the Defined Benefit Plan # 2 and (2) had relinquished all of his rights to receive a vested pension under the Defined Benefit Plan #1.

In June of 2005, Cochran applied for retirement benefits, which were to accrue on his sixtieth birthday. In an effort to clarify his eligibility for benefits, Cochran requested a meeting with WCERS and its Board of Trustees. However, the Board denied his request, stating that the issue was moot, inasmuch as it had been previously resolved through the binding arbitration process.

On August 1, 2010, the WCERS approved Cochran's receipt of benefits under the defined benefit plan #2. Cochran disagreed with this conclusion, contending that the WCERS had incorrectly and fraudulently miscalculated the amount of pension benefits to which he was entitled to receive. In February of 2011, Cochran met with the Wayne County pension director, Robert Grden, and formally sought an opportunity to demonstrate that his pension benefits had been improperly calculated. His request was rejected. This lawsuit followed.

II.

Federal Rule of Civil Procedure 56(a) states that a court shall grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242, 256 (1986). In assessing a summary judgment motion, a court is obliged to examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light most favorable to the non-moving party. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir.1991). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 258. The entry of a summary judgment is appropriate if the non-moving party fails to present evidence which is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 399 (6th Cir.2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

### III.

The Defendant submits that Cochran's claims, all of which have arisen from a dispute over the nature and scope of his retirement benefits, are barred from any judicial review because they were decided in a binding arbitration decision. This decision had previously settled Cochran's eligibility for benefits in April of 1992. Additionally, Cochran's claims relating to alleged mismanagement and fraud of the retirement system were previously litigated and dismissed in a federal court litigation. *Cochran v. Ernst & Young*, 758 F.Supp. 1548 (E.D. Mich. 1991).

After reviewing the complaint, it appears that Cochran's primary allegation involves the contention by him that his pension benefits had been erroneously computed. However, this claim was previously determined in the arbitration, and subsequently litigated before another judge in this Court. To the extent that Cochran alleges new claims of wire and mail fraud, the Sixth Circuit has held that there is no private right of action under that statute. *Ryan v. Ohio Edison Co.,* 611 F.2d 1170, 1178-79 (6th Cir.1979). Hence, this allegation must be rejected for mootness.

Cochran's RICO claims also fail because he has failed to allege the required predicate acts. *See, e.g. Frank v. Dana Corp.,* 547 F.3d 564, 569-570 (6th Cir.2008). Finally, to the extent that Cochran's claims for breach of a fiduciary duty by the Defendant are to be construed as a breach of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1105 *et seq.,* this claim must also fail. ERISA specifically exempts governmental plans from its mandate. 29 U.S.C. § 1002(32). *See also Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89-90 (6th Cir.1997).

## IV.

Therefore, the Defendant's motion for summary judgment is granted in its entirety. (ECF 19). Cochran's motion for declaratory judgement is denied for mootness. (ECF 23).

IT IS SO ORDERED

Date: March 28, 2012                                s/Julian Abele Cook, Jr.
                                                    JULIAN ABELE COOK, JR.
                                                    U.S. District Court Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 28, 2012.

                                                    s/ Kay Doaks
                                                    Case Manager